IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC B. SAUB,

    Plaintiff,

v.                                                    Civil Action No. **3:17CV572**

**THOMAS POTTER**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Eric B. Saub, a Virginia pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Saub's Complaint. (ECF No. 1.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PROCEDURAL HISTORY AND OUTSTANDING MOTIONS

Saub is currently detained pending his trial in the Circuit Court for the Isle of Wight County, Virginia for first-degree murder, use of a firearm to commit murder, and being a felon in possession of a firearm.[2] By Memorandum Opinion and Order entered on May 1, 2017, this

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Isle of Wight Circuit Court" from drop-down menu and follow "Begin" button; type "Saub, Eric," and then follow "Search by Name" button; then follow hyperlinks for "CR16000182," "CR16000183," and "CR16000184").

Court dismissed a similar action against similar defendants who are involved in his criminal investigation and proceedings. *Saub v. Phillips*, No. 3:16CV414, 2017 WL 1658831, at *1–9 (E.D. Va. May 1, 2017). The United States Court of Appeals for the Fourth Circuit affirmed. *Saub v. Phillips*, 699 F. App'x 179 (4th Cir. 2017). Since that time, Saub has filed more than one action again naming those persons involved with his criminal prosecution. Because the Court has already explained at great length why Saub's action must be dismissed, the Court will not expend significant time repeating itself. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

By Memorandum Order entered on February 6, 2018, the Court directed Saub to file a particularized complaint that provided defendants with fair notice of the facts and legal basis upon which his or her liability rested and that comported with joinder requirements. (ECF No. 10.) Since that date, the Court has provided Saub with two thirty-day extensions of time in which to file his particularized complaint. In the Memorandum Order entered on March 28, 2018, the Court warned Saub that no further extensions would be granted. (ECF No. 15.) Despite this admonition, on April 30, 2018, the Court received yet another request for a thirty-day extension of time until after his trial. (ECF No. 16.) Because the Court explained to Saub that it would provide no further extensions, and because the majority of his claims have already been addressed by this Court, the Motion for Extension of Time (ECF No. 16) will be DENIED.

Saub also submitted a Motion to Seal (ECF No. 9) certain police reports that he submitted with his Complaint. As Saub submitted these documents upon his own initiative, and because he offers no persuasive reason to seal them, his Motion to Seal (ECF No. 9) will be DENIED.

## II. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

3

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

As explained above, Saub is currently detained pending his trial in the Circuit Court for the Isle of Wight County, Virginia ("Circuit Court") for first-degree murder, use of a firearm to commit murder, and being a felon in possession of a firearm. According to Saub, his trial for the foregoing charges was set to begin on April 30, 2018. In a lengthy and rambling Complaint, Saub alleges that the named Defendants[3] committed various errors related to his criminal

---

[3] The named Defendants are: Commonwealth's Attorney Georgette Phillips; Deputy Commonwealth's Attorney Steven Edwards; Investigators Thomas Potter, Kris Coughlin,

investigation and proceedings.[4] Saub raises 24 claims for relief, all of which are extremely repetitive. Given the repetitive nature of Saub's claims, and for the goal of orderly disposition, the Court groups them together either by type of claim or by the Defendants named in the claim.

Saub demands, inter alia, all legal costs, compensatory and punitive damages from each Defendant, injunctive relief, declaratory relief, and payment for the value of all of his seized property. (*Id.* at 25–29.) As explained below, Saub's Complaint will be DISMISSED.

## IV. ANALYSIS

### A. Prosecutorial Immunity

In the first series of claims addressed here, Saub seeks monetary damages, as well as declaratory and injunctive relief, from Defendants Phillips and Edwards, prosecutors for the Isle of Wight County. The Court previously explained that prosecutorial immunity, however, bars Saub's claims for monetary damages against the prosecutors, and Saub offers no persuasive argument that would alter that conclusion. *See Saub v. Phillips*, No. 3:16CV414, 2017 WL 1658831, at *3–4 (E.D. Va. May 1, 2017) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Saub fails to allege that the actions of Phillips and Edwards in his pending criminal proceedings were actions taken outside of their roles as advocates for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Therefore, Saub's claims for damages against Defendants Phillips and Edwards will be DISMISSED WITH PREJUDICE.

---

Katrina Everett, Matt Van Wassen, and C.B. Nurney of the Isle of Wight Sheriff's Office; Mark Marshall, Sheriff of Isle of Wight County; the Isle of Wight County, Virginia; Assistant Medical Examiner Babatunde Stokes; and unknown employees of Apple, Facebook, Cellco Partnership, and Regus. (Compl. 1–2.)

[4] The Court utilizes the pagination assigned to Saub's Complaint by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from Saub's Complaint.

Moreover, given the frivolous nature of Saub's claims, Saub states no basis for injunctive relief against Defendants Phillips and Edwards. *See* 28 U.S.C. § 1915A(b)(1). Accordingly, Saub's claims for injunctive relief against Defendants Phillips and Edwards will also be DISMISSED WITH PREJUDICE.

### B. Failure to State a Claim

#### 1. Defendants Unknown Employees of Apple, Facebook, Cellco Partnership, and Regus are Not Amenable to Suit

In his prior action, Saub alleged that Apple, Facebook, Cellco Partnership, and Regus violated his rights by turning over information to law enforcement officials pursuant to search warrants. The Court explained that a private corporation cannot be held liable "for torts committed by [its employees] when such liability is predicated upon a theory of respondeat superior," *Saub*, 2017 WL 1658831, at *7 (alteration in original) (quoting *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted)), and that a "a private corporation is liable under § 1983 only when an official policy or custom of the Corporation causes the alleged deprivation of federal rights." *Id.* (citations omitted). Now, in order to get around the Court's conclusion that the named corporations were not liable, Saub instead names unknown employees of each corporation.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Saub fails to allege that any of these unknown employees of private corporations were state actors amenable to suit under § 1983. *Cf. Toomer v. Cellco Partnership*, 2012 WL 2953831, at *4 (S.D. NY. July 20, 2012) (citation omitted) (explaining that "the mere reporting of information to law enforcement is

insufficient to support a claim of state action by a private party"). Accordingly, any claim against the unknown employees of Apple, Facebook, Cellco Partnership, and Regus are DISMISSED WITH PREJUDICE.

### 2. Isle of Wight County

No extended discussion is warranted here, as the Court previously identified the deficiencies with Saub's claims against Isle of Wight County. *See Saub*, 2017 WL 1658831, at *5–7. Municipalities are "persons" under § 1983 and, therefore, "[a] municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692 (1978)). However, "under § 1983, local governments are responsible only for 'their *own* illegal acts,'" not for their employees' actions. *Id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). For Saub to state a claim against Isle of Wight County, he must allege facts suggesting that Isle of Wight County deprived him of a constitutional right "through an official policy or custom." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). Saub does little more than name Isle of Wight County underneath the header for each claim, and then later provides lengthy argument that is nothing more than a general airing of his grievances against the county for his prosecution. (Compl. 22–24.) Saub fails to identify with the requisite specificity an official policy or custom that would make Isle of Wight County liable under § 1983. Accordingly, Saub's claims against Isle of Wight County will be DISMISSED WITHOUT PREJUDICE.

## C. The *Younger* Doctrine Precludes Review of Saub's Remaining Claims

The remainder of Saub's Complaint focuses upon various alleged Fourth Amendment violations[5] by Defendants Potter, Coughlin, Everett, Van Wassen, Nurney, and Marshall, all of whom are law enforcement officials for Isle of Wight County. Saub contends that these Defendants obtained illegal search and arrest warrants and conducted various warrantless searches and seizures throughout the criminal investigation. (*See generally* Compl. 4–21.) Saub further alleges that Defendant Stokes, an Assistant Medical Examiner, violated the Fourth Amendment by concealing the time of the victim's death. (*Id.* at 20.) However, as discussed at great length in the May 1, 2017 Memorandum Opinion, the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), precludes review of these claims. *See Saub*, 2017 WL 1658831, at *8–9. The Court explained as follows:

> *Younger* provides that it is inappropriate for the Court to address a claim if it would interfere with a pending state judicial proceeding absent extraordinary circumstances. *See Beam v. Tatum*, 299 F. App'x 243, 246 (4th Cir. 2008) (citation omitted). The *Younger* abstention doctrine "expresses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993) (citations omitted) (internal quotation marks omitted). "*Younger* mandates that a federal court abstain from exercising jurisdiction and interfering with a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (footnote omitted) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003)). Thus, "federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). In those narrow

---

[5] Saub refers to these claims as First, Fourth, Fifth, Sixth and Fourteenth Amendment claims and claims under the "Electronic Communications Privacy Act, the Stored Communications Act, and Title 3 of the Omnibus Crime Control and Safe Streets Act." (*See, e.g.*, Compl. 8–9.) However, all of these vague and conclusory claims allege illegal searches and seizures, malicious prosecution, and wrongful arrest and imprisonment, and therefore truly fall under the Fourth Amendment.

> circumstances, "federal courts may intervene in state criminal proceedings," but "only when there has been a 'showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief.'" *Id.* (citing *Younger*, 401 U.S. at 54 (emphasis omitted)). Moreover, this Court has concluded that "whether a plaintiff seeks injunctive, declaratory, or monetary relief, abstention is appropriate if the relief the plaintiff seeks would require, as a prerequisite, a ruling on constitutional questions at issue in the pending state proceeding." *Hill v. Courter*, 344 F. Supp. 2d 484, 492 (E.D. Va. 2004).
>
> All three elements of the inquiry are satisfied here. Saub's criminal proceedings are ongoing in the Circuit Court, his challenges to the various searches and his arrest implicate important state interests, and the state courts provide adequate opportunities for Saub to raise these challenges. *See Nivens*, 444 F.3d at 241; *Murphy v. Comm. of Va.*, 896 F. Supp. 577, 582 n.11 (E.D. Va. 1995) (noting that "even the clearest Fourth Amendment violation would not . . . constitute an appropriate exception to the *Younger* abstention doctrine"). Moreover, Saub's Amended Particularized Complaint is devoid of facts suggesting bad faith, harassment, or any other circumstances that would call for this Court to interfere in his pending criminal proceedings. *Gilliam*, 75 F.3d at 903 (citing *Younger*, 401 U.S. at 54). Accordingly, Saub's claims against Potter, Coughlin, Everett, Van Wassen, Nurney, Marshall, and Stokes will be DISMISSED WITHOUT PREJUDICE. *See Gibbs v. State Comm'r*, 558 F. App'x 333, 334 (4th Cir. 2014) (affirming dismissal of civil action without prejudice pursuant to *Younger*).

*Saub*, 2017 WL 1658831, at *8. For the foregoing reasons, Saub's claims here against Defendants Potter, Coughlin, Everett, Van Wassen, Nurney, Marshall, and Stokes must be DISMISSED WITHOUT PREJUDICE.

### D.     Saub's Action is Malicious and Frivolous

Once again, the Court finds that Saub fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass the prosecutors who have been assigned to his case, the investigators who have been responsible for gathering evidence, and those private entities who have complied with various warrants and subpoenas. Saub remains undeterred from filing such suits. Much like the prior action Saub filed, the Court also will DISMISS this action as malicious and frivolous. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's

allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C. Mar. 19, 1987))).

## V. CONCLUSION

For the foregoing reasons, those claims for which Defendants Phillips and Edwards are entitled to prosecutorial immunity will be DISMISSED WITH PREJUDICE. Saub's claims against the unknown employees of Apple, Facebook, Cellco Partnership, and Regus are DISMISSED WITH PREJUDICE. The claims against Isle of Wight County and against Defendants Potter, Coughlin, Everett, Van Wassen, Nurney, Marshall, and Stokes will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED as frivolous and malicious. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 5/4/18
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge